IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

Plaintiff,

v.

ERIC SRACK,

Defendant.

Case No. 12-10213-EFM

21 U.S.C. §§ 331(a), 333(a)(2)

**INFORMATION**

The United States Attorney charges:

At all material times:

1. **ERIC SRACK** owned and operated a retail store known as The Grind, which purported to be a coffee shop in Salina, Kansas.

2. **ERIC SRACK** was involved in an ongoing fraudulent scheme to introduce misbranded drugs into interstate commerce, specifically by selling a product known as Aromatic Potpourri. Although Aromatic Potpourri was ostensibly sold as an herbal incense, it contained synthetic chemicals, generally known as “JWH Compounds” that mimicked the effects of tetrahydrocannabinol (THC), the active ingredient in marijuana, and was intended to be smoked by the user in order to mimic the “high” attained after smoking marijuana.

3. **ERIC SRACK** manufactured the Aromatic Potpourri by obtaining the JWH Compounds and potpourri separately, adding the two together, and also treating the potpourri with Everclear, an alcohol.

4. The packaging for the Aromatic Potpourri was typically a small "zip lock" type bag with a paper label attached that identified the particular product by name, a list of ingredients, directions for use, and a disclaimer. In the list of ingredients, no JWH Compounds were identified, although all the Aromatic Potpourri products contained some form of JWH Compound. One type of product known as "the Worm" was packaged differently to contain only a small round sticker on the package identifying it as "the Worm."

5. Because Aromatic Potpourri was intended to be used to affect the structure or any function of the body (*i.e.*, to be used as a recreational drug to get the user "high"), it is, by definition, a "drug" under the Federal Food, Drug, and Cosmetic Act ("FDCA"), and subject to the FDCA's regulation.

6. The United States Food and Drug Administration ("FDA") is the federal agency charged with the responsibility of protecting the health and safety of the American public by enforcing the FDCA. One of the purposes of the FDCA is to ensure that drugs sold for human use are safe and effective and bear labeling that contains true and accurate information.

7. The FDCA defines interstate commerce as: (a) commerce between any State or Territory and any place outside thereof, and (b) commerce within the District of Columbia or within any other Territory not organized with a legislative body. *See* 21 U.S.C. § 321(b).

8. The FDCA defines a "drug" as –

a. articles recognized in the official United States Pharmacopoeia, official Homeopathic Pharmacopoeia of the United States, or official National Formulary, or any supplement to any of them;

b. articles intended for use in the diagnosis, cure, mitigation, treatment, or prevention of disease in man or other animals;

c. articles (other than food) intended to affect the structure or any function of the body of man or other animals; and

d. articles intended for use as a component of any articles specified in clause (a), (b), or (c). *See* 21 U.S.C. § 321(g)(1).

9. The FDCA defines the term "label" to include "a display of written, printed, or graphic matter upon the immediate container of any article." *See* 21 U.S.C. § 321(k).

10. The FDCA defines the term "labeling" as "all labels and other written, printed, or graphic matter (1) upon any article or any of its containers or wrappers, or (2) accompanying such article." *See* 21 U.S.C. § 321(m).

11. Under the FDCA, a drug is deemed to be misbranded if, among other things:

a. its labeling is false or misleading in any particular. *See* 21 U.S.C. § 352(a).

b. unless, in package form, it bears a label containing: (1) the name and place of business of the manufacturer, packer, or distributor, and (2) an accurate statement of the quantity of the contents in terms of weight, measure, or numerical count. *See* 21 U.S.C. § 352(b).

c. its labeling does not bear adequate directions for use. *See* 21 U.S.C. § 352(f)(1). Unless subject to an exemption not applicable here, a drug must bear adequate directions for use under which a layperson can administer the drug safely for the purposes for which it is intended. *See* 21 C.F.R. § 201.5.

d. its labeling does not bear such adequate warnings against use in those pathological conditions and by children where its use may be dangerous to health, and against unsafe dosage and methods and

duration of administration and application, in such manner and form, as are necessary for the protection of users. *See* 21 U.S.C. § 352(f)(2).

12. The FDA considers "street drug alternatives" like Aromatic Potpourri to be unapproved new drugs and misbranded drugs, in violation of the FDCA, and as such, has concluded that they pose a potential threat to the public health.

**COUNT 1**

13. The United States Attorney incorporates by reference Paragraphs 1 through 12 above, as though fully stated and realleged herein.

14. Beginning in or about March 2010, and continuing through in or about February 2011, the exact dates being unknown, in the District of Kansas and elsewhere, the defendant,

**ERIC SRACK**,

with the intent to defraud and mislead, introduced and delivered for introduction and caused to be introduced and delivered for introduction into interstate commerce drugs which were misbranded under 21 U.S.C §§ 352(a), 352(b), and 352(f).

15. The foregoing is in violation of 21 U.S.C. §§ 331(a) and 333(a)(2) .

Dated this 26th day of September, 2012.

Respectfully submitted,

BARRY R. GRISSOM
United States Attorney

s/ Tanya J. Treadway

Tanya J. Treadway #13255
Assistant United States Attorney